# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1013V
Filed: April 1, 2019
UNPUBLISHED

| | |
|---|---|
| ELLISA MORINE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Causation-In-Fact; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

    On July 27, 2017, Elissa Morine ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that the influenza ("flu") vaccine she received on September 26, 2014, caused her to suffer from a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

    On June 4, 2018, respondent filed a Motion to Dismiss the petition, arguing that the evidence did not support a finding that petitioner suffered the residual effects of her alleged SIRVA for more than six months after the administration of the vaccine, and as such, she was unable to fulfill the requirements of 42 U.S.C. § 300aa-11(c)(1)(D). (ECF

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

No. 18.)  On January 23, 2019, the undersigned issued an Order Denying Respondent's Motion to Dismiss and Fact Ruling on Six Month Requirement, "finding that petitioner has established that she suffered the residual effects of her vaccine related injury for at least six months as required by the Vaccine Act" and denying respondent's motion to dismiss. (ECF No. 26 at 6-7).

On March 29, 2019, respondent filed a Rule 4(c) Report stating that "[m]edical personnel at the Division of Injury Compensation Programs ("DICP"), Department of Health and Human Services, have reviewed the evidence filed in this case, as well as the Fact Ruling issued by the Chief Special Master.  Recognizing that the Chief Special Master's factual finding that petitioner suffered the residual effects of her vaccine-related injury for at least six months is the law of the case, respondent advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters. While preserving his right to appeal the Chief Special Master's January 23, 2019 Fact Ruling on the Six Month Requirement, respondent submits that petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation for SIRVA. *See* 42 C.F.R §§ 100.3(a)(XIV) and (c)(10). Respondent requests a ruling on the record regarding petitioner's entitlement to compensation."  Respondent's Rule 4(c) Report at 2.

Respondent further states "[b]ased on the medical record evidence submitted in this case, DICP has concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder; the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's right shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). In addition, the Chief Special Master's fact ruling concluded that petitioner suffered the residual effects of her condition for more than six months.10 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, based on the record as it now stands and subject to his right to appeal the Fact Ruling, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act. 42 U.S.C. § 300aa-13." *Id*. at 7.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                                <u>s/Nora Beth Dorsey</u>
                                                Nora Beth Dorsey
                                                Chief Special Master